Approved: _____
DEREK WIKSTROM
Assistant United States Attorney

Before:   THE HONORABLE PAUL E. DAVISON
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - - X
                                       :   **COMPLAINT**
UNITED STATES OF AMERICA               :
                                       :   Violation of 18 U.S.C.
   - v. -                              :   § 922(g)(1)
                                       :
QUEOTIS CAMPBELL,                      :
                                       :   COUNTY OF OFFENSE:
             Defendant.                :   ORANGE
                                       :
- - - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

    JOHN JAVAHERI, being duly sworn, deposes and says that he is a Task Force Officer with the Federal Bureau of Investigation ("FBI"), and charges as follows:

**COUNT ONE**

    1.  On or about June 20, 2020, in the Southern District of New York, QUEOTIS CAMPBELL, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess a firearm, to wit, a Phoenix Arms .22LR pistol with serial number 4235750, and the firearm was in and affecting interstate commerce.

    (Title 18, United States Code, Section 922(g)(1).)

    The bases for my knowledge and for the foregoing charge are, in part, as follows:

    2.  I am a Task Force Officer with the FBI. I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, as well as on my conversations with other law enforcement officers and others, and my examination of reports and records. Because this affidavit is

being submitted for the limited purpose of establishing probable cause, it does not include all the facts I have learned during the investigation. Where the contents of documents or the actions, statements, or conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

       3.    Based on my discussions with other law enforcement officers, and my review of law enforcement records, I have learned, among other things, the following:

       a.    On or about June 20, 2020, an officer (the "Trooper") with the New York State Police ("NYSP") was in his vehicle on patrol in the City of Newburgh, New York. While stopped at a stop sign at the intersection of South and Lander Streets in Newburgh, the Trooper saw a Honda bearing New York registration JRL5681 (the "Honda") drive through the intersection and almost strike a taxi cab. The Trooper saw that the driver of the Honda was looking down at his cellphone as he drove through the intersection. The Trooper pulled up behind the Honda, which stopped on the side of the road shortly after the near-collision, and activated his sirens.

       b.    By the time the Trooper activated his lights to conduct a traffic stop, the driver of the Honda had already gotten out of the car. The Trooper told the driver to get back in his car and provide his license and registration, and the driver did so. The driver's identification identified him as QUEOTIS CAMPBELL, the defendant.

       c.    When the Trooper went back to the driver's side of the Honda to speak with CAMPBELL, the Trooper noticed what he suspected was a marijuana cigar in CAMPBELL's left ear. The Trooper asked CAMPBELL if it was marijuana and CAMPBELL confirmed that it was.

       d.    The Trooper then told CAMPBELL to get out of the car and patted him down. In CAMPBELL's right pants pocket, the TROOPER found a Phoenix Arms .22LR pistol with serial number 4235750 (the "Firearm"). The Firearm was not loaded and did not contain a magazine. The Trooper arrested CAMPBELL.

       e.    During an interview after his arrest, CAMPBELL agreed to waive his *Miranda* rights and stated, among other things, that he had purchased the gun on the street, and that he knew it worked because he had seen it fired before. CAMPBELL would not say where the magazine or ammunition for the Firearm were, but claimed that he knew not to have the gun

loaded, because carrying a loaded firearm would be considered a violent felony under New York law.

      4. Based on my review of a criminal history report pertaining to QUEOTIS CAMPBELL, the defendant, and my involvement in this investigation, I have learned, among other things, that on or about January 8, 2013, CAMPBELL was convicted of criminal possession of a weapon in the third degree in violation of N.Y. Penal Law 265.02(1), and was sentenced to a term of 42 months' to seven years' imprisonment.

      5. As part of my investigation, I have been informed by an agent of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), who has expertise concerning the manufacturing of firearms and who reviewed a description of the Firearm recovered from CAMPBELL, that the Firearm was manufactured in the State of California.

      WHEREFORE, the deponent respectfully requests that QUEOTIS CAMPBELL, the defendant, be imprisoned or bailed, as the case may be.

            /s/ John Javaheri (credentials inspected)
            JOHN JAVAHERI
            Task Force Officer
            Federal Bureau of Investigation

Sworn to me through the transmission of this
Complaint by reliable electronic means, pursuant to
Federal Rule of Criminal Procedure 4.1, this

22nd day of June, 2020  (via FaceTime)

_____
THE HONORABLE PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK